## HAZARD'S APPEAL.

### DISTRICT ATTORNEY'S FEES.

A district attorney is not entitled to fees in suits to foreclose mortgages given to the board of commissioners for the sale of school and university lands, and for the investment of the funds arising therefrom, to secure loans made from such funds.

The whole power of management of such funds is vested in such board.

APPEAL from Benton.

*R. S. Strahan*, for district attorney.

*W. W. Thayer*, contra.

By the Court, WATSON, J.:

The only question here is, whether a district attorney has a right to appear in suits or actions growing out of the management of the school and university funds, on behalf of the state, without any authority from the board of commissioners, and claim fees therefor, under section 1041 of the civil code.

We are clearly of the opinion that he has not such right. The whole power of investment and management of these funds is invested, by the constitution and laws, in the governor, secretary of state and state treasurer, as a board, and when the state is not a party to the record, no other officer can rightfully intervene and assume any authority over the subject. The power and responsibility belong exclusively to the board.

When the state is a party to the record, as in the case of Ison's claim for fees (6 Oregon, 465), it would be interested to the extent of costs at least, and the district attorney would be entitled to appear and represent it.   But in the present case it is not such a party, and could not in any· event have had any interest of its own in the result; and the general interest of the public in the management and investment of such funds is, as we have already stated, confided to the board of commissioners.   The judgment of the circuit court must be affirmed with costs.

Judgment affirmed.