Argued November 22, decided November 30, 1909.

## TONGUE *v.* STATE BOARD OF AGRICULTURE.

[105 Pac. 250.]

AGRICULTURE — STATE BOARD — NATURE AND CHARACTER OF POWERS — "CORPORATION."

1. Laws 1899, p. 208, (B. & C. Comp., Sections 4135-4147), provides that five citizens of the State, to be named by the Governor, shall constitute a board of agriculture which shall be charged with the exclusive management of the State Agricultural Society, have the direction of its entire business affairs, and be authorized to purchase and hold real estate. The board is required to provide for an annual fair, and in no event is the State to be liable for any premium awarded or debt created beyond the amount annually appropriated therefor. The act also provides for an annual appropriation from the State treasury to aid in carrying on the purposes of the board; no part of such allowance to be paid as a premium for trials of speed. *Held,* that the board is a "corporation," and not a branch of the State government, nor for the administration of State affairs; it not being accountable to the State for money received by it, except the legislative appropriation, and it having the power to make contracts, and, as a necessary incident thereto, the right to appeal to the courts for the enforcement of them, it may be sued for a like purpose.

CONTRACTS—BREACH—PLEADING CONDITIONS PRECEDENT.

2. Under Section 88, B. & C. Comp., in pleading the performance of conditions precedent in a contract, it may be stated generally that the party duly performed all the conditions on his part, and, in an action against a State Board of Agriculture for a premium alleged to have been earned upon a horse race at a fair, a complaint, alleging that plaintiff regularly entered his horse on a blank furnished by the board, that the race was run according to the conditions set forth, took place in accordance with the order and direction of defendant and at its request, and that plaintiff's horse was declared by the judges to be the winner thereof, and that all the conditions of said entry were fully complied with by plaintiff, stated a cause of action for entrance money at least, and the amount of the recovery could be determined at the trial.

From Marion:  GEORGE H. BURNETT, Judge.

This is an action by E. B. Tongue against the State Board of Agriculture of the State of Oregon to recover the premium offered as a purse and earned by the plaintiff in a certain trial for speed at the State Fair during the year 1904. The defendant filed a demurrer to the complaint which was sustained and from the order rendered thereon dismissing the complaint, plaintiff appeals.

REVERSED.

For appellant there was a brief over the names of *Mr. John H.* and *Charles L. McNary* with an oral argument by *Mr. Charles L. McNary.*

For respondent there was a brief over the names of *Mr. George S. Downing, Mr. William H. Holmes* and *Mr. Webster Holmes* with oral arguments by *Mr. Downing* and *Mr. William H. Holmes.*

Mr. Justice Eakin delivered the opinion of the court.

This is an action to recover the purse or premium offered and alleged to have been earned by the plaintiff upon a race at the state fair on September 14, 1904. The defendant demurred to the complaint for the reasons that it does not state facts sufficient to constitute a cause of action, and that defendant is not suable at law. The demurrer was sustained, and judgment rendered for defendant, and plaintiff appeals.

1. Whether an action can be maintained against the defendant must be determined from the character and extent of its powers, as disclosed by the statute of its creation. An act of the legislature of 1899 (Laws 1899, p. 208, being Sections 4135-4147, B. & C. Comp.), provides that five citizens of the state, to be named by the Governor, shall constitute a board of agriculture, who shall organize by electing officers, and shall be charged with the exclusive management and control of the State Agricultural Society, and shall have possession and care of its property, and be intrusted with the direction of its entire business and financial affairs, and it is authorized to purchase and hold real estate. It is required to provide for an annual fair, and to determine the amount of the premiums, provided that in no event shall the state be liable for any premium awarded or debt created beyond the amount annually appropriated therefor. By the act an annual appropriation is made out of the state treasury to aid in carrying on the purposes of the board, but no part of such allowance shall be paid as a premium for trials of speed. Thus it will be seen that the State Board of Agriculture is a corporation, but is not a branch of the state government, nor for the administration of state

affairs.   It is not accountable to the state for moneys received by it in entries, gate money, or license fees, or any of its receipts except the legislative appropriation. Its powers include the making of contracts, and, as a necessary incident thereto, it may appeal to the courts for the enforcement of them, and may be sued for a like purpose:   *Capital Lumbering Co. v. Learned,* 36 Or. 549 (59 Pac. 454: 78 Am. St. Rep. 792), Mor., Corp. § 357.

The contract upon which plaintiff sues is an offer sent by the defendant to the plaintiff announcing premiums to be raced for by two year old colts, in the following language:

"Juvenile Stake for District Bred Foals of 1902, to be Raced for at the Oregon State Fair, Salem, September 12th to 17th, 1904. $300 Added. Condition: * * Entries close April 5. * * Entrance payable $5, April 5, when colt must be named; $5 May 10. All entrance paid in at this date will be added to the stake of $300 given by the association, to be divided 60 per cent to trotters and 40 per cent to pacers. Then an additional entry fee of $10 will be charged for pacers and $15 for trotters; payable August 1, and added to each division of the stake, which will entitle the colt to start. Payments not made as they become due declares the entry out and releases the subscriber from further liability. Money divided 50, 25, 15, and 10 per cent of stake. Right reserved to declare less than three starters a walk-over. When only two start they may contest for the entrance money paid in to be divided 70 per cent to the first and 30 per cent to the second horse. A horse distancing the field will be entitled to first and fourth money only. , Other than specified, rules of the National Trotting Association to govern. No entry will be accepted without the nomination fee. Wylie A. Moores, Secretary, Salem, Oregon. W. H. Downing, President, Shaw, Oregon."

Which plaintiff accepted by entering in said stake his two year old colt, Lord Lovelace.

2. There are two objections to the sufficiency of the complaint, namely, that it does not allege said colt was eligible to enter in said race, and that the complaint does

not negative the presumption that the officers of the defendant declared the race a walk-over. The complaint alleges that the plaintiff regularly entered the two-year-old colt, Lord Lovelace, on a blank furnished him by defendant, and the race was placed on the program, and was raced for according to the conditions set forth, that the race was called by the judges and took place in accordance with the program and conditions, under the order and directions of defendant and at its request, and that his colt was declared by the judges of the race to be the winner thereof. It is also alleged in the complaint that "all the conditions of said entry were fully complied with by the said plaintiff." One of the conditions of the entry was that the entries should be district bred, and the allegation of fulfillment of that condition is included in the general allegation of compliance with the conditions of the entry. Section 88, B. & C. Comp., provides that in pleading the performance of conditions precedent in a contract it shall not be necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part. This court has frequently held such an allegation of performance sufficient. *Griffin* v. *Pitman,* 8 Or. 342, 343; *Fisk* v. *Henarie,* 13 Or. 156 (9 Pac. 322) ; *Long Creek Building Association* v. *State Insurance Company,* 29 Or. 569, 574 (46 Pac. 366). If only two colts started in the race, by the terms of the offer they had a right to contest for the entrance money, even though the judges had declared the race a walk-over by reason of there being less than three starters. The complaint avers that the stake was raced for, so that if only two colts started, the complaint states a cause of action for entrance money at least, and the amount of the recovery may be determined at the trial.

The demur should have been overruled. The judgment is reversed, and the cause remanded, with direction to overrule the demur, and for such further proceedings as may be proper.        REVERSED.