Submitted on motion to dismiss February 19, motion allowed
March 18, rehearing denied May 13, 1924.

# HETTIE   BUTTERFIELD   v.   STATE   INDUS-
## TRIAL ACCIDENT COMMISSION.

(223 Pac. 941; 226 Pac. 216.)

**Master and Servant—Industrial Accident Commission is a Body
Corporate.**

1. The Industrial Accident Commission which, under Section
6611, Or. L., may sue and be sued in its name, and shall have a
seal, and which is given other powers exercised by a corporation
under Section 6629 as amended by Laws of 1921, page 580, Section
8, is a creature of the legislature, and is a body corporate.

**Constitutional Law—Master and Servant—Incidental Exercise by
Commission of Judicial Functions Held not to Invalidate Work-
men's Compensation Act.**

2. Workmen's Compensation Act, which makes it the primary
duty of the Industrial Accident Commission to administer the act
(§ 6611, Or. L.), is not unconstitutional merely because in per-
forming its primary duty the commission incidentally exercises
judicial functions.

**Master and Servant—Compensation Act not Unconstitutional by
Reason of Manner of Payments from Accident Fund.**

3. Under the Workmen's Compensation Act (§ 6638, Or. L.,
amended by Laws of 1921, p. 584, § 11), payment from the acci-
dent fund can be made only upon vouchers submitted by the
commission, the Secretary of State and the State Treasurer being
without discretion in regard to that fund, and the statute is not
unconstitutional merely because the payments from the funds are
to be made by the State Treasurer on warrants drawn by the
Secretary of State; the state being interested in the fund in the
same manner as it is interested in the fund of the state board of
agriculture.

**Master and Servant—State not Entitled to Appeal in Compensa-
tion Cases.**

4. The state is not a party to cases initiated before the In-
dustrial Accident Commission, and hence cannot appeal from the
final action of the commission, or from a judgment of the Circuit

Validity of workmen's compensation and industrial insurance
statutes, see notes in Ann. Cas. 1912B, 174; Ann. Cas. 1915A, 247;
Ann. Cas. 1916B, 1286; Ann. Cas. 1918B, 611; 34 L. R. A. (N. S.),
162; 37 L. R. A. (N. S.) 466; L. R. A. 1916A, 409; L. R. A. 1917D,
51.

Right and extent of review of findings of the Industrial Acci-
dent Commission, see notes in Ann. Cas. 1916B, 475; Ann. Cas.
1918B, 647; L. R. A. 1917D, 186.

Court based upon such final action, in view of Section 549, Or. L., and Section 6637, as amended by Laws of 1921, page 583, Section 10, providing notice of appeal from final action of commission shall be served upon the commission.

**Master and Servant—Compensation Act not Invalid by Reason of Peculiar Procedure.**

5.  The procedure on appeals, provided by Workmen's Compensation Act (§ 6637, Or. L., as amended by laws 1921, p. 583, § 10), being statutory, must be followed just as the procedure for presenting claims, but the peculiarity of the procedure does not render the statute invalid.

## ON PETITION FOR REHEARING.

**Master and Servant—Title of Compensation Case Held not Changed on Appeal.**

6.  The title of proceedings by one making a claim against state industrial accident fund is a formal matter, and, where appeal is taken to the Supreme Court by the Attorney General, an opinion under a title naming claimant as party claiming against State Industrial Accident Commission is not improper as changing the title in violation of Section 549, Or. L.

**Master and Servant—State not Entitled to Appeal in Compensation Case.**

7.  The state is not a party, and cannot be made a party, to a proceeding to adjust a claim under Workmen's Compensation Act against the industrial accident fund, and cannot therefore appeal.

**Master and Servant—Industrial Accident Commission Corporation for Purpose of Supporting Proceedings.**

8.  For the purpose of supporting a proceeding in its name as a party to a case involving a claim against the state industrial accident fund provided for by Section 6625, Or. L., as amended by General Laws of 1923, page 363, the State Industrial Accident Commission is a corporation, though not in the ordinary sense of the word, such as a private or municipal corporation.

**States—State's Immunity from Suit Inapplicable to State's Agency.**

9.  State's immunity from suit under Constitution, Article IV, Section 24, does not obtain where agency of state is party.

**Master and Servant—Industrial Accident Commission Party to Appeal in Compensation Case.**

10.  Under Section 6629, Or. L., as amended by General Laws of 1921, page 580, as to assignment of causes of action for compensation to Industrial Accident Commission for benefit of accident fund, and Section 6637, as amended by General Laws of 1921, page 584, as to prosecution and defense of proceeding by or against commission by Attorney General, commission is party to litigation arising under act, and Attorney General may appeal in its name.

**Statutes—Workmen's Compensation Act not Unconstitutional as Creating Municipal Corporation by Special Act.**

11.  Workmen's Compensation Act, creating Industrial Accident Commission, is not a special act creating corporation in contraven-

tion of Constitution, Article XI, Section 2, as the commission is not a municipal corporation.

**Master and Servant—Pleadings may be Required on Appeal in Compensation Case.**

12. Absence of specified mode of procedure in Workmen's Compensation Act for joining issues on questions of fact on appeal to Circuit Court from final order of Industrial Accident Commission does not prevent fair and orderly trial of issues raised by appeal (§ 983, Or. L.), as Circuit Court may require preparation of complaint or paper in nature thereof by appellant.

**Master and Servant—Industrial Accident Commission Defaulted on Appeal Should Apply to Court to Set Aside Default.**

13. If default is improperly rendered against Industrial Accident Commission in Circuit Court to which appeal is taken from order of commission, it should apply to Circuit Court under Section 103, Or. L., to set aside default.

**Constitutional Law—Wisdom of Legislation not for Court.**

14. Whether provision of Section 6637, Or. L., as amended by General Laws of 1921, page 584, expressly providing for appeals to Circuit Court from final orders of Industrial Accident Commission and trial thereafter like other civil cases, except that either party may demand jury trial on fact question, in which case it shall be tried at regular term and have precedence over other civil cases, is foolish or wise, is not for Supreme Court to determine.

From Coos: JOHN C. KENDALL, Judge.

In Banc.

This cause comes on to be heard upon the motion of the respondent, Hettie Butterfield, to dismiss the appeal. The husband of the respondent received an injury, while in the employ as a blacksmith of the Coos Bay Lumber Company, resulting in his death. In due time the respondent presented her claim for compensation to the State Industrial Accident Commission. The claim was disallowed, after a hearing, because the injury was not the cause of decedent's death. Thereupon and in due time, the claimant, the respondent here, appealed from the final action of the commission to the Circuit Court. No appearance was made on behalf of the commission in that court. The Circuit Court reversed the final action of the

commission, and entered judgment by default in favor of the claimant. The commission has not appealed.

A notice of appeal was seasonably served upon the claimant, in words and figures as follows, to wit:

"In the Circuit Court of the State of Oregon for the County of Coos.

"In the Matter of the Appeal of HETTIE BUTTER-FIELD.

"Notice of Appeal.

"To Hettie Butterfield, Appellant, and to J. W. McInturff, Attorney for Appellant:

"You and each of you will please take notice that the state of Oregon, as trustee of the accident fund, hereby appeals to the supreme court of the state of Oregon from the whole of that judgment or decree made and rendered herein on or about the 13th day of June, A. D. 1923.

"I. H. VAN WINKLE,
"Attorney General,
"JAMES WEST,
"Assistant Attorney General,
"Attorneys for State of Oregon, Trustee."

The claimant moves to dismiss the appeal because no appeal has been taken by the State Industrial Accident Commission from the judgment rendered in the court below.                    MOTION ALLOWED.

For the motion, *Mr. J. W. McInturff.*

*Contra, Mr. I. H. Van Winkle,* Attorney General, and *Mr. James West,* Assistant Attorney General.

COSHOW, J.—1. It is the contention of the Attorney General that the State Industrial Accident Commission is an arm of the state, administering the act commonly known as the Workmen's Compensation Act,

and that the state is, therefore, the real party in interest. From these premises he argues, because the state cannot be sued, the Industrial Accident Commission cannot be. The legislature has provided that the Industrial Accident Commission ''in its name may sue and be sued, and shall have a seal which shall bear the name of the commission.'' Section 6611, Or. L. The commission is given other powers exercised by a corporation: Section 6629, Or. L.; Laws 1921, c. 311. It is a creature of the legislature and is a body corporate.

2, 3. This court has held the act creating the commission to be constitutional: *Evanhoff* v. *Industrial Acc. Com.*, 78 Or. 503 (154 Pac. 106). The primary duty of the commission is to administer the act: Section 6611, Or. L. The exercise of judicial functions is incidental to its primary duty, and the act is not unconstitutional on that account: *In re Willow Creek*, 74 Or. 592 (144 Pac. 505, 146 Pac. 475). Nor does the fact that payments from the fund created by the act are to be made by the State Treasurer on warrants drawn by the Secretary of State render it unconstitutional. Both the Secretary of State and the State Treasurer are without discretion in regard to that fund. Payments from the fund can be made only upon vouchers transmitted by the commission: Section 6638, Or. L.; Laws 1921, c. 311. The state is a contributor to the fund, and is, therefore, interested in the fund in the same manner as it is in the fund of the state board of agriculture: *Tongue* v. *State Board of Agriculture*, 55 Or. 61 (105 Pac. 250).

4. The state is not a party to cases initiated before the Industrial Accident Commission and, therefore, cannot appeal from the final action of the commission, or a judgment of the Circuit Court based upon such

final action: Sections 549 and 6637, Or. L.; Laws 1921, c. 311. The act provides that notice of appeal from the final action of the commission shall be served upon the commission: Section 6637, Or. L.; Laws 1921, c. 311. This provision indicates the intention of the legislature to make the commission a party to the appeal. That has been the uniform practice during the many years the act has been in force.

5. This court in *Lough* v. *Industrial Acc. Com.*, 104 Or. 313 (207 Pac. 354), was not considering the matter of appeals, but the procedure for presenting a claim by an injured workman. The procedure provided by the act for presenting claims must be followed, and the procedure on appeals must likewise be followed. Both are statutory: *Chebot* v. *Industrial Acc. Com.*, 106 Or. 660, 669, 670 (212 Pac. 792); *Smith* v. *Industrial Acc. Com.*, 104 Or. 640 (208 Pac. 746, 748). The procedure is peculiar to the Workmen's Compensation Act, but is not, on that account, invalid: *Evanhoff* v. *Industrial Acc. Com.*, above.

"Appeals shall lie on the judgment of the Circuit Court, as in other civil cases." Section 6637, Or. L.; Laws 1921, c. 311.

The motion to dismiss the appeal to this court is allowed and the appeal is dismissed.

MOTION TO DISMISS APPEAL ALLOWED.

Rehearing denied May 13, 1924.
ON PETITION FOR REHEARING.
(226 Pac. 216.)

*Mr. I. H. Van Winkle,* Attorney General, and *Mr. James West,* Assistant Attorney General, for the motion.

*Mr. J. W. McInturff, contra.*

COSHOW, J.—The Attorney General of the state has filed a very urgent petition for a rehearing alleging several grounds of error in the former opinion. We would not have burdened the record with another opinion, but for the fact that we believe it may be helpful to the profession to set at rest, if possible, the procedure of prosecuting claims against the State Industrial Accident Fund.

6. The notice of appeal to this court is given in the name of the State of Oregon. The appeal was dismissed because the State of Oregon is not a party to the proceeding. The learned Attorney General, for his first allegation of error, charges the court with having changed the title in its former opinion in violation of Section 549, Or. L. The transcript brought here by the Attorney General, in his attempted appeal, is entitled: "Hettie Butterfield, respondent, vs. State Industrial Accident Commission of the State of Oregon, appellant." The appellant's brief bears the title: "In the matter of the appeal of .Hettie Butterfield." There was no intention to change the title of the case. The title of the cause is a formal matter. Its purpose is to identify the parties with the cause of action. Either title employed would serve that purpose. In *Adams* v. *Kelly,*

44 Or. 66, 69 (74 Pac. 399, 400), this court, speaking through Mr. Justice Wolverton, said:

"The object of the title is to identify the pleading with the action and the court, and it has very generally been treated as formal in character."

This statement is supported by a number of authorities. In *Ferrari* v. *Beaver Hill Coal Co.*, 54 Or. 210, 214 (94 Pac. 181, 95 Pac. 498, 102 Pac. 175, 102 Pac. 1016), the notice of appeal was given under this title: "In the Circuit Court of the United States for the County of Coos." This court held it immaterial.

7. The next complaint is expressed in this language:

"The decision declares that the State of Oregon has no interest in appeals from the Accident Commission."

The Attorney General has misunderstood the opinion. What the opinion holds is that the State of Oregon is not a party to the proceeding and cannot, therefore, appeal. Only parties to the proceeding can appeal from a judgment or final order in that proceeding. Mr. Justice McBride in *West* v. *Kozer*, 104 Or. 94, 96 (206 Pac. 542) said:

"There is no doubt of the existence of a contract between the employer, the employee and the state, that in case of injury to the employee his compensation should be adjusted and paid from the fund provided in that act."

This is not equivalent to saying that the state is a party to the proceeding adjusting a claim under the act.

The Workmen's Compensation Act has prescribed the mode of procedure. An injured workman must

present his claim to the State Industrial Accident Commission. If he is not satisfied with the final order of that commission he is given the right of appeal to the Circuit Court. Notice of appeal is served by registered mail *on the commission.* That procedure was followed in the instant case. At no stage of the proceedings is the state made a party. The notice of appeal is entitled: ''Hettie Butterfield, appellant, v. State Industrial Accident Commission of the State of Oregon, respondent.'' This notice of appeal sets out the facts upon which the claimant seeks to recover compensation from the State Industrial Accident Fund. Later an amended notice of appeal is given, entitled: ''In the matter of the appeal of Hettie Butterfield,'' and this was accompanied by an ''amended petition and complaint,'' which is entitled ''Hettie Butterfield, plaintiff, vs. State Industrial Accident Commission of the State of Oregon, defendant, and J. W. Ferguson, D. A. Elkins and William A. Marshal, as members of such commission.'' The amended petition and complaint again sets out the facts upon which the claimant seeks to recover. The order of default and subsequent proceedings in the Circuit Court bear the same title as the amended petition and complaint.

In *Hazard's Appeal,* 9 Or. 366, this court, speaking through Mr. Justice WATSON, refused to allow a fee to the district attorney in a proceeding to foreclose a mortgage in favor of the state land board because the state was not a party, among other things, saying:

''The whole power of investment and management of these funds is invested, by the constitution and laws, in the governor, secretary of state and state treasurer, as a board, *and when the state is not a*

*party to the record, no other officer can rightfully intervene and assume any authority over the subject."*

The court in that case distinguishes it from the case of *The Claim of Ison,* 6 Or. 465, which involves the same question. In the Ison case, the State of Oregon was the party plaintiff and for that reason the district attorney was allqwed to recover fees for identically the same service for which the district attorney in the case of *Hazard's Appeal,* cited above, was refused. The only distinction was that in one case the State of Oregon was a party to the record and in the other case the State of Oregon was not a party to the record. The opinion in both cases was rendered by Mr. Justice WATSON.

8, 9. The Attorney General also complains because the former opinion in the instant case held the State Industrial Accident Commission to be a corporation. The court so held for the purpose of supporting a proceeding in the name of the State Industrial Accident Commission. Its opinion in that regard is supported by the cases of *Dunn* v. *State University,* 9 Or. 357, *Liggett* v. *Ladd,* 23 Or. 26, 45 (31 Pac. 81), and *Salem Mills Co.* v. *Lord,* 42 Or. 82, 90 (69 Pac. 1033, 70 Pac. 832). So far as this appeal is concerned, it is immaterial whether it is a corporation or not. The opinion does not hold that it is a corporation in the ordinary sense of the word, such as a private or a municipal corporation.

All cases heretofore appealed to this court involving claims against the State Industrial Accident Fund have included the name of the State Industrial Accident Commission as the party defendant. Most of the appeals have been taken to this court by the Attorney General. This proceeding has been followed for almost ten years. An examination of

numerous cases appealed to the Supreme Court of the State of Washington discloses that invariably the commission is the party defendant where the appeal was the outgrowth of a claim against the accident fund by the injured workman. In a strict sense of the word, the State Industrial Accident Commission is not sued by the claimant. The claimant simply makes a claim against the accident fund. The title used in the instant case and similar cases is convenient for indexing and for the purpose of identifying the parties with the cause and the court. The case of *State* v. *Clausen,* 65 Wash. 156 (117 Pac. 1101, 37 L. R. A. (N. S.) 466), cited by the learned Attorney General, is not in point. That was a case instituted by Davis-Smith Company as relators for the purpose of testing the constitutionality of the Workmen's Compensation Act for the State of Washington.

The learned Attorney General also complains because the original opinion states that the state is interested in the fund because it contributes thereto. He asserts that *"the state of Oregon contributes not one cent from its general fund to the accident fund."*

Originally, the Workmen's Compensation Act prescribed that a certain percentage of the fund should be contributed by the state. Section 6625, Or. L., as amended by Chapter 256, Gen. Laws of 1923, provides as follows:

"There is also appropriated annually, after June 30, 1921, except for the period between June 30, 1923, and June 30, 1925, *out of any moneys in the state treasury not otherwise appropriated,* a sum equal to one-half of the total administrative expenditures of the commission, exclusive of expenditures for physiotherapy and vocational rehabilitation, *and the*

*moneys so appropriated shall become a part of such fund.*"

Indeed, it may be suggested that, if the state is the real party in interest, then no appeal lies from the judgment of the Circuit Court, because the state cannot be sued: Const., Art. IV, § 24; *Salem Mills Co. v. Lord,* 42 Or. 82 (69 Pac. 1033, 70 Pac. 832). The appeal from the final order of the commission by the claimant conferred jurisdiction on the Circuit Court to determine whether or not the commission has made a correct order in the premises. There would be no parties in the ordinary sense in which the word is used. The claimant alone would be interested in appealing from the judgment of the Circuit Court. This immunity does not obtain when an agency of the state is a party.

"But it is contended by appellants that whether incorporated or not, the board of directors are mere agents or officers of the state, and hold the property in controversy in trust for the state, the real party in interest. Hence they infer that the board of directors are shielded by the immunity from suit which belongs to the state. But this is an error. The immunity of the principal in such a case does not extend to the agent.

"It matters not if the state is the real party in interest, provided the legal title and possession are in the agent, so that it is not necessary to make the state a party on the record. *Osborn* v. *Bank of the United States,* 9 Wheat. (U. S.) 738; *Michigan State Bank* v. *Hastings,* 1 Doug. (Mich. R.) 225; *Garr* v. *Bright,* 1 Paige Ch. (N. Y.) 157.

"An agent of the state, whether incorporated or not, by virtue of his character simply, possesses no such immunity from being sued. He must show in his defense to an action or suit for interfering with private rights, that he proceeded within the authority

conferred by a valid law, or his defense must fail."
*Dunn* v. *State University*, 9 Or. 357, 361, 362.

In *Hopkins* v. *Clemson College*, 221 U. S. 636, 645
(35 L. R. A. (N. S.) 243, 55 L. Ed. 890, 31 Sup. Ct.
Rep. 654, 657, see, also, Rose's U. S. Notes), the opin-
ion enunciates the same principle as follows:

"And it is argued that these authorities have no
application to suits against those public corporations
which exist, and can act, in no other capacity than as
governmental agencies, or political subdivisions of the
state itself. But neither public corporations nor
political subdivisions are clothed with that immunity
from suit which belongs to the state alone by virtue
of its sovereignty."

The opinion cites *Dunn* v. *State University*, 9 Or.
357, 362, with approval.

The state cannot appeal in the instant case for the
reason that it is not a party to the record. To make
the state a party to the record would be equivalent
to suing the state. This cannot be done.

10. This court consistently recognizes appeals by
the Attorney General in the name of the State In-
dustrial Accident Commission. The procedure has
not been clearly defined in the statute. These ex-
cerpts, however, clearly indicate that the proceeding
heretofore followed is proper. Section 6629, Or. L.,
as amended by Chapter 211, General Laws of 1921,
provides:

"If such person elect to take compensation under
this act, the cause of action shall be assigned to
the *commission for the benefit of the industrial acci-
dent fund.*"

Section 6637, Or. L., as amended by Chapter 311,
General Laws of 1921, in page 584, provides: '

"The attorney general shall be the legal adviser
of the commission. Upon request of the commission,

111 Or.—11

the attorney general or, under his direction, the prosecuting attorney of any county, shall institute or prosecute actions or proceedings for the enforcement of any provisions of this act, * * and shall defend in like manner all suits, actions and proceedings brought against the commission or the members thereof in their official capacity. * *

"The attorney general shall not be required to advise upon or perform any service in, or in any way connected with, the collection of such moneys."

These excerpts clearly indicate that the intention of the legislature was that the commission should be a party to litigation arising under the act.

11. The learned Attorney General also argues that, if the commission is a corporation, it is unconstitutional because it contravenes Article XI, Section 2 of the Constitution. The Workmen's Compensation Act is not a special act; it is a general statute of the state.

12. Not a little confusion has arisen in appeals from the final order of the commission to the Circuit Court because no provision has been made in the act for joining issues on questions of fact. In the instant case, the appellant framed pleadings thus tendering the issues of fact which could have been tried in an orderly manner, according to the rules of the court, had the issues been joined by the commission. Doubtless the Circuit Court has power to require the preparation of a complaint, or a paper in the nature of a complaint by the appellant in appeals from the final order of the commission. The absence, therefore, of a specified mode of procedure, after an appeal has been taken under the Workmen's Compensation Act from the final decision of the commission to the Circuit Court, does not prevent a fair and orderly trial of the issues raised by the appeal: Section 983, Or. L.

13. It is suggested in the petition for rehearing that the original opinion in the instant case is a departure from the former decision in this court. A careful reading, however, of that opinion discloses that it is not in conflict with the authorities cited in the petition for rehearing. The opinion should be read in the light of the issues presented. None of the other cases involved the question presented in the instant case. The case of *Rohde* v. *State Industrial Acc. Com.*, 108 Or. 426 (217 Pac. 627), and relied on by the Attorney General, does not even suggest anywhere that the State Industrial Accident Commission is not a proper party to the proceeding. The opinion of Mr. Justice BURNETT, in his usual thorough manner, distinguishes the procedure in this state from the procedure under similar acts in other states. The appeal in that case was by the State Industrial Accident Commission and not by the State of Oregon. There is no intimation in the original opinion that the State Industrial Accident Commission is estopped. If default was improperly rendered in the Circuit Court, application should be made to that court to set aside the default and give the commission an opportunity to contest the appeal.

We have examined the record at the suggestion of the Attorney General and find that notice is given that the case would be called at the next term, and that default would be taken if the commission did not appear. The record is silent regarding the reason for no appearance on the part of the commission. Section 103, Or. L., empowers the Circuit Court to set aside defaults in proper cases. The commission should apply to the Circuit Court for relief.

14. The cases of *De Constantin* v. *Public Service Commission*, 75 W. Va. 32 (83 S. E. 88, L. R. A. 1916A,

329), *United Fuel Gas Co.* v. *Public Service Commission*, 73 W. Va. 571 (80 S. E. 931), and *State ex rel.* v. *Howat*, 109 Kan. 376, 392 (198 Pac. 686, 694, 25 A. L. R. 1210, 1228), have been examined. All of these cases are based upon special statutes very different from the statutes in this state and are not in point. In all of those cases the courts held that no appeal would lie from the final order of the commission. That holding is in accordance with the statutes of those two states respectively. Our statute expressly provides for an appeal from the final order of the commission to the Circuit Court. The statute then provides:

"The case thereafter shall be tried as other civil cases in said court; provided, that either party thereto may demand a jury trial upon any question of fact, in which case it shall be tried at a regular term in said court and shall have precedence over all other civil cases." Section 6637, as amended by Chapter 311, General Laws of 1921.

Whether this provision of our statute is foolish or wise is not for the court to determine. Argument, therefore, to the effect that no appeal lies from the final order of the State Industrial Accident Commission would be more appropriately addressed to the legislature than to the court.

The former opinion is adhered to.

REHEARING DENIED.

BURNETT, J., concurs in the result.