Submitted on motion to dismiss appeal, March 19, motion denied March 27, 1928. For opinion dismissing appeal after argument on the merits, see 129 Or. 469.

## M. L. JOHNSON ET AL. *v.* SHASTA VIEW LUMBER & BOX CO. ET AL.

(265 Pac. 438.)

For the motion, *Mr. A. E. Reames* and *Mr. Charles F. Stone.*

*Contra, Messrs. McCamant & Thompson.*

PER CURIAM.—This case was presented on motion by plaintiffs, respondents here, to dismiss the appeal of the defendants Tarter, Webster & Johnson, Inc., and Stockton Box Company. Defendant Shasta Lumber & Box Company did not appeal and was not

served with notice of the appeal taken by their co-defendants. The notice of appeal does not contain the name of plaintiff Alice R. Johnson, either in the title or in the address.

The suit was instituted by plaintiffs to foreclose the lien claimed by them on lumber sawed from timber sold to defendant Shasta View Lumber & Box Company by plaintiffs. Defendants Tarter, Webster & Johnson, Inc., and Stockton Box Company claim to have advanced money to their co-defendant Shasta View Lumber Company which had not been repaid and for which Shasta View Lumber & Box Company had given bills of sale to them. They had caused these bills of sale to be recorded and had the lumber involved in the case in their possession at the time of the trial and for some time before.

Plaintiffs present with ability and after much research a motion to dismiss because defendant Shasta View Lumber & Box Company was not served and was not a party to the appeal.

■ ■ It being a suit to be tried anew in this court, plaintiffs contend that this court is without jurisdiction to try the case since it appears from the record here that execution had issued, judgment entered for plaintiff M. L. Johnson and the lumber identified as having been sawed from logs purchased from plaintiff by said defendant Shasta View Lumber & Box Company had been sold; that the court was without authority to modify or reverse the judgment without said defendant Shasta View Lumber & Box Company being in this court; that the judgment plaintiff recovered against defendant Shasta View Lumber & Box Company had been credited with the proceeds of the lumber sold on execution.

A careful examination of the pleadings clearly shows that the sole purpose of defendants Tarter,

Webster & Johnson, Inc., and Stockton Box Company is to defeat the lien claimed by plaintiffs. We are not satisfied to dispose of the questions raised so ably by plaintiffs without a consideration of the merits or a part of them in the case. This we cannot do upon a motion to dismiss the appeal.

■ Defendant Shasta View Lumber & Box Company demurred to plaintiff's complaint. Its demurrer was overruled and it did not appear further. Judgment and decree were entered against it for want of an answer. The fact that plaintiff Alice R. Johnson is not mentioned in the title is a defect. That omission renders doubtful the particular judgment and decree appealed from. It is not suggested, however, that there is any other cause pending wherein M. L. Johnson alone is plaintiff or that any other judgment or decree is entered on the page and in the volume in which M. L. Johnson was plaintiff and the above-named defendants are defendants. We think the omission of the name of Alice R. Johnson from the title is a clerical error and is not jurisdictional: *Ferrari* v. *Beaver Hill Coal Co.,* 54 Or. 210, 214 (94 Pac. 181, 95 Pac. 498, 102 Pac. 175, 102 Pac. 1016); *Butterfield* v. *State Industrial Acc. Com.,* 111 Or. 149, 156 (223 Pac. 941, 226 Pac. 216); *Summers* v. *Geer,* 50 Or. 249, 251 (85 Pac. 513, 93 Pac. 133).

The argument in both the briefs of plaintiff and the brief of defendants appealing is addressed more or less to the merits of the cause of action. We deem it best therefore to postpone passing on the question raised until the cause can be presented in this court on the merits.

The motion to dismiss will be denied, with permission to plaintiff to present it again with the argument on the merits. MOTION DENIED.