Submitted on briefs October 10, reversed November 18, 1924.

# NIKOLA DRAGICEVIC v. STATE INDUSTRIAL ACCIDENT COMMISSION.

(230 Pac. 354.)

**Master and Servant—Supreme Court has Jurisdiction of Appeal in Compensation Proceeding When Industrial Accident Commission is Party.**

1. Under Sections 549, 6637, Or. L., as amended by Laws of 1921, Chapter 311, the Industrial Accident Commission being a party to appeal to Circuit Court in compensation proceedings, it has the same right to appeal as in other civil cases, and, where Commission is one of the appellants, Supreme Court has jurisdiction.

**Master and Servant—Compensation Claimant cannot Appeal, Unless Resident of County.**

2. Right to appeal from compensation proceedings being purely statutory, resident of Jugo-Slavia, not being resident of county, as required by Section 6637, Or. L., as amended by Laws of 1921, Chapter 311, cannot appeal to Circuit Court from determination of Industrial Accident Commission.

**Master and Servant—Death Claim Filed More Than One Year After Fatal Injury cannot be Entertained.**

3. Under Section 6632, subdivision (d), Or. L., death claim, not filed until more than one year after date of fatal injury, cannot be entertained.

From Deschutes: T. E. J. DUFFY, Judge.

In Banc.

REVERSED.

For appellant there was a brief over the names of *Mr. I. H. Van Winkle,* Attorney General, and *Mr. James West,* Assistant Attorney General.

For respondent there was a brief over the name of *Mr. H. H. DeArmond.*

BURNETT, J.—At the time of his death by an industrial accident on October 1, 1917, Dan Dragich, deceased, and his employer were both operating under the Workmen's Compensation Act. The only claim-

ant under that law in this instance is the father of deceased, who at all times has been and is now a resident of Austria-Hungary, now Jugo-Slavia. No claim of any kind was filed with the Industrial Accident Commission until March 27, 1922, when the brother of the decedent, professing to act as administrator of his estate, filed a claim in the usual form. No action was taken on this claim, but on November 14, 1922, the father made application in his own name for compensation as a dependent relative.

1. The Commission dismissed the claim by its order of January 3, 1923, and from this ruling the claimant father undertook to appeal to the Circuit Court of the State of Oregon for Deschutes County. That court assumed to have jurisdiction of the cause in spite of a motion to dismiss the same, and reversed the decision of the Industrial Accident Commission. An appeal to this court has been taken by the State of Oregon, the State Industrial Accident Commission of the State of Oregon, the individuals composing that Commission, the Attorney General, and his assistant.

"Appeals shall lie on the judgment of the Circuit Court as in other civil cases." O. L., Section 6637, treating of litigation under the Workmen's Compensation Act. *Butterfield* v. *State Industrial Acc. Com.* 111 Or. 149 (223 Pac. 941, 226 Pac. 216), construes the law so as to make the Commission a party to such proceedings. Being a party, it has a right to appeal "as in other civil cases." O. L., § 549.

Hence, the matter is properly before us for determination as the Commission is included in the catalogue of appellants.

2, 3. The decision of the Circuit Court must be reversed for two reasons: Section 6637, O. L., reads thus in part:

"The commission shall have full power and authority to hear and determine all questions within its jurisdiction, but any beneficiary not satisfied with the decision or findings of said commission, may, within sixty days after notice of the final action of such commission, appeal to the circuit court of the state of Oregon for the county in which such claimant resides."

This is purely a statutory proceeding and he who would appeal must be able to point to an enactment allowing the same. It is not a matter of right, but only of statutory favor. The claimant being a resident of Jugo-Slavia at all the times mentioned herein could not be a resident of the county of Deschutes. Hence he could not appeal to the Circuit Court of that county.

Moreover, in subdivision (d) of Section 6632, O. L., the rule is thus laid down:

"No application shall be valid or claim thereunder enforceable in non-fatal cases unless such claim is filed within three months after the date upon which the injury occurred, nor in fatal cases unless such claim is filed within one year after the date upon which the fatal injury occurred."

As stated, the death occurred October 1, 1917. No claim of any kind was filed until March 27, 1922, and the claim upon which the claimant relies as having been made by himself was not filed until November 14, 1922. More than one year having elapsed in both instances since the date of the accident, neither the Commission nor the court had any jurisdiction to entertain the claim.

For both reasons the decision of the Circuit Court was wrong. It must be reversed and the proceeding dismissed.                REVERSED AND DISMISSED.