Argued May 31; affirmed June 25, 1935

REED *v.* HUNTER ET AL.

(46 P. (2d) 595)

*Gus Newbury,* of Medford, for appellant.

*Miles McKey,* Assistant Attorney General (I. H. Van Winkle, Attorney General, and Victor R. Griggs,

Assistant Attorney General, on the brief), for respondents.

KELLY, J. The question herein is whether the letter of the claim agent of the State Industrial Accident Commission, dated March 26, 1934, and addressed to the attorney for the claimant herein, was an appealable order.

The plaintiff cites *Meaney v. State Industrial Accident Commission,* 113 Or. 371 (227 P. 305, 232 P. 789).

The doctrine of that case is that the right of appeal was not limited to the final action of the commission on the original application but extended to any subsequent final action of the commission upon an application for allowance based upon aggravation of the injury or the termination of an allowance theretofore made.

In that case, this court held that the commission was in no position to complain about the informality of its final action from which the appeal was prosecuted, because on its own motion and without notice to plaintiff it had several times stopped payments of the allowance as originally made and also had reduced the allowance without notice to plaintiff. Upon the latest action of discontinuing payment, plaintiff applied to be reinstated and his application was refused.

It will be noted that in the Meaney case the facts are widely different from those in the case at bar.

In the following cases, letters similar to the one in suit have been held not to be order of the commission: *Miller v. State Industrial Accident Commission,* 149 Or. 49 (39 P. (2d) 366) ; *Jackson v. State Industrial Accident Commission,* 114 Or. 373 (235 P. 302), and *Monahan v. State Industrial Accident Commission,* 139 Or. 417 (10 P. (2d) 605).

Under the facts of this case, we are unwilling to treat the letter in suit as an appealable order. To do so would tend to prevent the claim agent of the commission from affording written information to claimants as to the state of the record of their claims.

We are also unwilling to hold that an examination of the facts of a given case by the commission in the absence of an application therefor by the claimant, whether induced by the intercession of third parties or made upon the motion of the commission only, should

be treated as a rehearing of the claim for the purposes of an appeal.

■ Without withholding in any degree the respect and consideration always due from one coordinate branch of the government to another, we are constrained to hold that the passage by the legislative assembly of the resolution, asking that plaintiff's claim be heard upon its merits, created no right in favor of plaintiff and imposed no new duty upon the commission.

The judgment of the circuit court is affirmed.