Argued September 16, affirmed October 17, 1969

# CUNNINGHAM, *Respondent, v.* STATE COMPENSATION DEPARTMENT, *Appellant.*

459 P2d 892

*Earl M. Preston,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Wallace Carpenter, Assistant Attorney General, and Robert Y. Thornton, Attorney General, Salem.

*Nick Chaivoe,* Portland, argued the cause for respondent. With him on the brief were Peterson, Chaivoe and Peterson, Portland.

Before SCHWAB, Chief Judge, and LANGTRY, FOLEY, FORT and BRANCHFIELD, Judges.

SCHWAB, C. J.

The State Compensation Department appeals from an order of the circuit court of Lane County dismissing the department's request for judicial review of an order of the Workmen's Compensation Board directing that additional benefits be given an injured workman and granting the workman statutory costs and disbursements. The workman, Cunningham, was injured in Douglas County in an accident arising out of and in the course of his employment on May 18, 1965, at which time he resided in Douglas County. His claim for compensation was accepted by the department. Various administrative proceedings ensued, culminating in an order of the Workmen's Compensation Board entered on October 2, 1968, setting aside a hearings officer's order and remanding the case back to the State Compensation Department for the purpose of granting further benefits to the injured workman. Within the 30-day period allowed by ORS

656.295(8), specifically on October 25, 1968, the department filed a "request for judicial review" with the circuit court of Lane County, seeking to have the October 2 order of the Workmen's Compensation Board, granting increased benefits to the injured workman, set aside. On November 6, 1968, Cunningham moved to quash the department's request for judicial review on the ground that the circuit court of Lane County had no jurisdiction to entertain it. Two days later, the department moved the court for an order changing the venue from Lane to Douglas County. The trial judge allowed the motion to quash, denied the motion for change of venue, dismissed the request for judicial review and gave judgment to Cunningham for his costs and disbursements.

ORS 656.298(1) reads:

"Any party affected by an order of the board may, within the time limit specified in ORS 656.295, request judicial review of the order with the circuit court for the county in which the workman resided at the time of his injury, or the county where the injury occurred."

The principal question raised is whether the statute limits jurisdiction to the circuit court for the counties enumerated or whether it treats the circuit court of the State of Oregon as a single entity, confers jurisdiction upon it and then places venue in that branch of the circuit court sitting in the county in which the workman resided or in the county where the injury occurred. The compensation department argues that the statute is susceptible of either interpretation and that the best interests of all concerned would be served by the broader interpretation making the requirement for filing in the county of residence

or injury a matter of venue rather than jurisdiction. In its brief the department says:

"* * * requests for judicial review will be instituted, at least in the ratio of 10 to 1, by the claimants.

"* * * * *

"The defendant [State Compensation Department] would prefer to have the question resolved as being procedural and not jurisdictional in that the harsh results will affect the claimants adversely in the majority of instances under a jurisdictional interpretation."

Another policy argument in favor of the department's position is that there may also be substantial merit in treating the circuit court of the state as a single entity rather than a group of separate courts with the same title, granting jurisdiction to the court as such, and dealing with apportionment of its business as a matter of venue rather than as a matter of jurisdiction. Such a policy applied to various types of judicial business would allow both litigant and court some voice in achieving more expeditious, less costly handling of matters before the circuit court and would minimize the risk of needlessly-harsh results flowing from the filing of the proper pleading in the proper court at the proper time, but in the wrong branch thereof. An examination of the Oregon Reports shows that this has happened in the past.[1] It is not unreasonable to assume that it will continue to happen in an era when people are highly mobile; when county

---

[1] Richard v. Slate, 239 Or 164, 396 P2d 900 (1964); Wink v. Marshall, 237 Or 589, 392 P2d 768 (1964); Anderson, Adm. v. Clough et al, 191 Or 292, 230 P2d 204 (1951); Reed v. Hunter, 150 Or 524, 46 P2d 595 (1935); Liimatainen v. State Industrial Acc. Com., 118 Or 260, 246 P 741 (1926); Dragicevic v. State Industrial Acc. Com., 112 Or 569, 230 P 354 (1924); and Graves v. State Industrial Acc. Com., 112 Or 143, 223 P 248 (1924).

lines are such that many people work in one county, live in another and very possibly do their day-to-day business in a third; and where metropolitan areas have grown to the point where the boundary, not only of a city, but of a single industrial complex, may encompass portions of more than one county. However, persuasive as such arguments may be, they raise legislative, not judicial, policy questions—we are required to decide the issue by determining what the legislature actually intended when it enacted ORS 656.298(1).

■ For the reasons which follow, we hold that the geographic provisions of ORS 656.298 are matters of jurisdiction and not venue. If, after this case is closed, the department continues to be moved by the concerns set forth in its brief it can make them known to the next legislature.

Defendant calls to our attention *Mack Trucks, Inc. v. Taylor,* 227 Or 376, 362 P2d 364 (1961), which holds that the provision of ORS 14.040 regarding place of trial is to be treated as a matter of venue and not as a jurisdictional requirement, and urges that by analogy we should do so with regard to the pertinent words of ORS 656.298. An examination of the judicial and legislative history of the two Acts leads us to the opposite conclusion. ORS 14.040 provides:

> "Actions and suits for the following causes shall be commenced and tried in the county in which the subject of the action or suit, or some part thereof, is situated:
> "* * * * *"

In *Mack Trucks, Inc.,* supra, the Supreme Court, without giving its reasons in detail, held that ORS 14.040 was a venue statute and overruled a small group of its earlier cases which held to the contrary as

against a larger group which recognized ORS 14.040 as a venue statute. The language of ORS 14.040 set forth above has gone unchanged since it was adopted by the legislative assembly of 1862 as Title IV, § 41, of the Code of Civil Procedure. An examination of the Code as adopted by that legislative assembly shows that Title IV dealt solely with "the place of trial." The same Title set forth the procedures for a change of the place of trial, and defined "the place of trial" as a matter of "venue."

The original Workmen's Compensation Law was enacted in 1913. Oregon Laws 1913, Ch 112, § 32, p 207, provided that within the time limit set a dissatisfied workman could appeal an order of the State Industrial Accident Commission to the circuit court of the county in which the accident occurred or in which he resided. The 1917 legislature, Oregon Laws 1917, Ch 288, § 32, p 562, deleted the place of occurrence and restricted the right of appeal to the circuit court "for the county in which such claimant resides." The 1925 legislature, Oregon Laws 1925, Ch 133, § 8, p 203, changed the requirement from the place of residence to the place of occurrence. It may well have done so as a result of two 1924 decisions of the Oregon Supreme Court. In *Dragicevik v. State Industrial Acc. Com.*, 112 Or 569, 230 P 354 (1924), the court held that the only heir of the deceased workman, because he lived in Yugoslavia, had no right of appeal to the circuit court from an order of the commission denying compensation because he was not a resident of any county of Oregon. In *Graves v. State Industrial Acc. Com.*, 112 Or 143, 223 P 248 (1924), the claimant was injured in Multnomah County and subsequently moved to Marion County. He filed an appeal from the order of the commission in the circuit court

for Multnomah County after he had moved to Marion County. Upon appeal by the commission the Supreme Court set aside judgment in favor of the claimant, stating:

"* * * The plain reading of the statute delineates the measure of his right to appeal and, it being a statutory proceeding, he must conform to the directions thereof in order to give the appellate tribunal jurisdiction of his cause. The Circuit Court of Multnomah County clearly was without jurisdiction to hear his appeal and should have dismissed the same." *Graves v. State Industrial Acc. Com.*, supra, 112 Or at 146-47.

From 1925 to 1935 the pertinent portions of the statute remained unchanged. In 1930, a claimant, one Reed, filed his appeal from an order of the State Industrial Accident Commission in the circuit court of the wrong county and did not correct his error until the jurisdictional time for filing such an appeal had elapsed. This matter apparently came to the attention of the 1933 legislative assembly which adopted a resolution asking that the claim be heard on its merits. Oregon Laws 1933, SJR 19, p 902-03. Nevertheless, the Supreme Court, in *Reed v. Hunter*, 150 Or 524, 46 P2d 595 (1935), held that the statute's geographic requirement was jurisdictional and affirmed the dismissal of the claimant's appeal. The 1935 legislature in an apparent attempt to avoid future occurrences created by the narrow jurisdictional limitations of the appeal statute enacted Ch 178, Oregon Laws 1935, p 263, the pertinent portions of which read:

"* * * [F]or the county in which the accident occurred, or if the accident occurred outside of this state to the circuit court of the last county of this state through which the workman passed in leaving this state. If the only ques-

tion of fact in such appeal is the amount of compensation payable to the plaintiff the appeal may be filed in the county in which the plaintiff resides. *If an appeal is filed in the wrong county the court shall enter an order transferring it to the proper county, if both parties do not consent that it be tried in the county where filed. The court may change the place of trial as in other cases."* (Emphasis supplied.)

The above provisions remained substantially unchanged until 1965 when that legislature adopted a new Workmen's Compensation law. The appeals provision of the 1965 Act, ORS 656.298(1), is set forth above. It reverts to the language which both the Supreme Court and previous legislatures had understood to be words of jurisdictional limitation by eliminating the language which had been added in 1935, the last two sentences of the 1935 Act quoted above, changing the geographic requirements from matters of jurisdiction to matters of venue. We find no legislative history to indicate that the 1965 legislative assembly, in deleting the venue language, intended to maintain the geographic requirements as matters of venue. We conclude that the legislature intended that the geographic provisions of ORS 656.298 again become jurisdictional.

■ We turn now to the matter of statutory costs and disbursements. The department contends that ORS 656.298 contains the complete authority of the circuit court in cases involving judicial review of a Workmen's Compensation Board order and that since this statute does not authorize costs or disbursements, the trial court was powerless to award them. The statutes are to the contrary.

"In arriving at the legislative intent in the enactment of a statute, it should be read in connection

with all statutes relating to the same subject matter, and effect should be given to every word, phrase, sentence and section of all such statutes, if possible." *Kankkonen v. Hendrickson et al,* 232 Or 49, 67, 374 P2d 393, 99 ALR2d 296 (1962).

The subject matters we are dealing with here are statutory costs and necessary disbursements. The review provided for by ORS 656.298 of the decisions of the Workmen's Compensation Board is a review of the decisions of a *tribunal.*

ORS 20.120 reads:

"When the decision of an officer, *tribunal,* or court of inferior jurisdiction is brought before a court for review, such review shall, for all the purposes of costs or disbursements, be deemed an appeal to such court upon errors in law, and costs therein shall be allowed and recovered accordingly." (Emphasis supplied.)

ORS 20.020 provides that a party entitled to costs shall also be allowed all necessary disbursements.

It follows that the court below properly awarded statutory costs and necessary disbursements to the injured workman.

The judgment of the trial court is affirmed. In accordance with the provisions of ORS 656.301 and Oregon Laws 1969, Ch 198, claimant Cunningham is allowed attorneys' fees in the sum of $450.00.