# PLACE, *Appellant, v.* FRIESEN LUMBER COMPANY, *Respondent.*

463 P2d 596

DEAN BRYSON, Judge.

*James J. Kennedy,* Portland, argued the cause for

appellant.. With him on the brief were Ryan and Kennedy, Portland.

*Frederick T. Smith,* Portland, argued the cause for respondent. With him on the brief were Dusenbery, Martin, Beatty, Bischoff & Templeton, Portland.

SCHWAB, C. J.

■ Appellant was injured in an accident arising out of his employment. The accident took place in Columbia County and appellant was a resident of that county at the time of the accident. Appellant's claim for compensation for the injury under the Workmen's Compensation Law was closed by an order of the Workmen's Compensation Board. Appellant then filed a notice of appeal from the order with the circuit court for Multnomah County. Such judicial review of orders of the Workmen's Compensation Board is provided for in ORS 656.298 which, in part, reads as follows:

"(1) Any party affected by an order of the board may, within the time limit specified in ORS 656.295, request judicial review of the order with the circuit court for the county in which the workman resided at the time of his injury, or the county where the injury occurred.
"* * * * * "

The employer moved to quash the notice of appeal on the grounds that the court did not have jurisdiction to hear the appeal. This motion was granted and a judgment of dismissal was entered.

The sole question raised in this appeal from the judgment of dismissal is identical to the principal question in the recent case of *Cunningham v. Com-*

*pensation Department*, 1 Or App 127, 459 P2d 892 (1969), which was:

"* * * [W]hether the statute limits jurisdiction to the circuit court for the counties enumerated or whether it treats the circuit court of the State of Oregon as a single entity, confers jurisdiction upon it and then places venue in that branch of the circuit court sitting in the county in which the workman resided or in the county where the injury occurred * * *." 459 P2d at 893.

In *Cunningham,* supra, we held that "* * * the geographic provisions of ORS 656.298 are matters of jurisdiction and not venue * * *." 459 P2d at 894.

In so doing, we pointed out that the interests of justice might well be better served by not so limiting the jurisdiction of the circuit court and that our holding was based solely on the legislative and judicial history of this statute. Appellant urges us to reconsider this holding.

In his oral argument appellant contended that our construction of ORS 656.298 in *Cunningham,* supra, is unconstitutional because it would not allow a judicial review to a non-resident workman regularly employed by an Oregon employer and injured while temporarily out of Oregon on the business of his employer. This is not a problem.

ORS 656.126(1) provides:

"If a workman employed in this state * * * temporarily leaves the state incidental to that employment and receives an accidental injury arising out of and in the course of his employment, he * * * is entitled to the benefits of ORS 656.001

to 656.794 *as though he were injured within this state.*" (Emphasis supplied.)

■ One of the "benefits" is the right to judicial review. In granting to a non-resident workman injured outside the state the right of judicial review in the circuit court the legislature intentionally or inadvertently failed to limit jurisdiction as it did for resident workmen or workmen injured within the state. It follows that jurisdiction in the case of the claim for review by a non-resident workman not injured in Oregon is vested in the circuit court of the state without geographic restriction.

Appellant has also argued that under ORS 14.060 and 14.110 the proper place to bring an action for judicial review of orders of the Workmen's Compensation Board is a matter of venue, not of jurisdiction. These statutes read as follows:

ORS 14.060. "Any suit against any department, official, officer, commissioner, commission or board of the state, as such, *or in* [sic] *virtue of such status,* other than a suit for the causes enumerated in ORS 14.040, may be brought in the county wherein the cause of suit, or some part thereof, arose." (Emphasis supplied.)

ORS 14.110 "(1) The court or judge thereof may change the place of trial, on the motion of either party to an action or suit, when it appears from the affidavit of such party that the motion is not made for the purpose of delay, and either:

"(a) That the action or suit has not been commenced in the proper county; or

"* * * * *"

Although the present action is not a suit by a workman against any department, official, officer, etc. (it is against his private employer), and, therefore, it

is arguable that ORS 14.060 would not apply, it is not necessary to consider appellant's argument on this ground. ORS 14.060 does not confer jurisdiction on the circuit court to hear an action, it merely indicates the proper venue in matters where jurisdiction has been conferred by other means. The source of jurisdiction of the circuit court to review orders of the Workmen's Compensation Board is ORS ch 656, and this chapter confers jurisdiction only as set forth above. Absent jurisdiction, it is meaningless to discuss venue.

Affirmed.