Argued July 14, 1970, reversed and remanded March 3, 1971

PLACE, *Appellant, v.* FRIESEN LUMBER
COMPANY, *Respondent.*

481 P2d 617

*James J. Kennedy,* Portland, argued the cause for
appellant. With him on the brief were Ryan and
Kennedy.

*Frederick T. Smith,* Portland, argued the cause for respondent. With him on the brief were Dusenbery, Martin, Beatty, Bischoff & Templeton, Portland.

Before O'Connell, Chief Justice, and McAllister, Sloan,\* Denecke, Holman, Tongue and Howell, Justices.

O'CONNELL, C. J.

This case comes to us on plaintiff's petition for review of the decision of the Court of Appeals.

Plaintiff seeks recovery of compensation under the Workmen's Compensation Act for an injury which occurred in Columbia county. Plaintiff was a resident of Columbia county at the time of the injury. The Workmen's Compensation Board entered an order affirming the award of the Hearings Officer. From the board's order, plaintiff filed an appeal in the circuit court for Multnomah county. After the expiration of the 30-day limit on the filing of appeals from the order of the board as provided in ORS 656.295, defendant, plaintiff's employer, moved to quash the notice of appeal on the ground that the circuit court of Multnomah county was without jurisdiction to entertain the appeal. The motion was granted and plaintiff appealed to the Court of Appeals, which affirmed the judgment of the trial court.

The Court of Appeals rested its decision on ORS 656.298 (1), which provides in part as follows:

"Any party affected by an order of the board may, within the time limit specified in ORS 656.295, request judicial review of the order with the circuit court for the county in which the workman resided

---
\* Sloan, J., resigned September 30, 1970.

at the time of his injury, or the county where the injury occurred."

The court held that ORS 656.298 (1) limits jurisdiction to the county in which the workman resided at the time of his injury or the county where the injury occurred. Plaintiff contends that the statute was not intended to confine jurisdiction to such counties but was intended to define venue only.

The reasoning upon which the Court of Appeals based its decision is found in *Cunningham v. State Compensation Department,* 1 Or App 127, 459 P2d 892 (1969).

Broadly stated, the rationale of *Cunningham* is that the failure to include in ORS 656.298 (1) certain language which had been included in a previous statute which ORS 656.298 (1) replaced, indicated a legislative intent to treat the provisions of ORS 656.298 (1) as a jurisdictional requirement. The specific steps in the court's reasoning are as follows:

Between 1919 and 1925 the Workmen's Compensation Act had the following provision for appeal to the circuit court:

"The commission shall have full power and authority to hear and determine all questions within its jurisdiction, but any beneficiary not satisfied with the decision or findings of said commission, may, within thirty days after notice of the final action of such commission, appeal to the circuit court of the state of Oregon for the county in which such claimant resides * * *." 2 OL 2662, § 6637 (1920).

In *Graves v. S.I.A.C.,* 112 Or 143, 223 P 248 (1924), the Oregon Supreme Court held that this statute was jurisdictional, and a circuit court other than that specified

by the statute was without jurisdiction to entertain the appeal. This holding was followed in *Dragicevic v. S.I.A.C.*, 112 Or 569, 230 P 354 (1924); *Liimatainen v. S.I.A.C.*, 118 Or 260, 246 P 741 (1926), and, with regard to a slightly amended version of the same section, in *Reed v. Hunter*, 150 Or 524, 46 P 595 (1935).

In 1935, the legislature amended this section by adding the following language:

"If an appeal is filed in the wrong county, the court shall enter an order transferring it to the proper county, if both parties do not consent that it be tried in the county where filed. The court may change the place of trial as in other cases." Oregon Laws 1935, ch 178, p. 263.

In 1965 the legislature undertook a major revision of the Workmen's Compensation Law. The language added by the 1935 legislature was not included in the new section providing for trial court review.

The Court of Appeals reasoned that the legislature's failure to retain that language indicated an intention to return to the more restrictive rule first announced in *Graves v. S.I.A.C.*, supra.

A careful examination of available legislative records has revealed no further information on the intention of the 1965 legislature.

Although it can be argued that the omission was designed to revert to the earlier jurisdictional rule, it is equally arguable that the omission occurred simply because the legislature concluded that it was no longer necessary to include the omitted language to create this as a venue statute. At the time ORS 656.298 (1) was drafted, the Oregon Supreme Court had de-

cided *Mack Trucks, Inc. v. Taylor*, 227 Or 376, 362 P2d 364 (1961). In that case we held that ORS 14.040 (a general statute which specified the counties in which certain suits and actions were to be tried) was to be treated as a venue statute.[1] In making the 1965 revision the legislature may well have felt that *Mack Trucks, Inc. v. Taylor*, supra, expressed a view of general applicability, laying down the principle that in the absence of limiting language a statute establishing the place of trial should be treated as a venue statute rather than a jurisdictional statute.

We are unable to see any policy reasons for giving ORS 656.298 (1) a restrictive interpretation. Quite to the contrary, there are reasons noted in the *Cunningham* opinion for treating ORS 656.298 (1) as a venue statute.[2]

---

[1] ORS 14.040 provides:

"Actions and suits for the following causes shall be commenced and tried in the county in which the subject of the action or suit, or some part thereof, is situated:

"(1) Actions for the recovery of real property, or an estate or interest therein, or for injuries to real property;

"(2) Actions for the recovery of any personal property distrained for any cause;

"(3) Suits for the partition of real property;

"(4) Suits for the foreclosure of a lien or mortgage upon real property;

"(5) Suits for the determination of an adverse claim, estate, or interest in real property, or the specific performance of an agreement in relation thereto."

[2] "The compensation department argues that the statute is susceptible of either interpretation and that the best interests of all concerned would be served by the broader interpretation making the requirement for filing in the county of residence or injury a matter of venue rather than jurisdiction. In its brief the department says:

'Requests for judicial review will be instituted, at least in the ratio of 10 to 1, by the claimants.

'* * * * *

'The defendant [State Compensation Department] would pre-

Since ORS 656.298 (1) is equally susceptible to an interpretation either as providing for venue or for jurisdiction, we choose the interpretation that serves the more desirable policy.

The decision of the Court of Appeals is reversed.

DENECKE, J., specially concurring.

The rule of statutory construction applied by the Court of Appeals is, in my opinion, a correct rule. I concur, however, in the majority decision refusing to follow that rule in this case because its application would result in interpreting the statute in a manner

---

fer to have the question resolved as being procedural and not jurisdictional in that the harsh results will affect the claimants adversely in the majority of instances under a jurisdictional interpretation.'

"Another policy argument in favor of the department's position is that there may also be substantial merit in treating the circuit court of the state as a single entity rather than a group of separate courts with the same title, granting jurisdiction to the court as such, and dealing with apportionment of its business as a matter of venue rather than as a matter of jurisdiction. Such a policy applied to various types of judicial business would allow both litigant and court some voice in achieving more expeditious, less costly handling of matters before the circuit court and would minimize the risk of needlessly-harsh results flowing from the filing of the proper pleading in the proper court at the proper time, but in the wrong branch thereof. An examination of the Oregon Reports shows that this has happened in the past. It is not unreasonable to assume that it will continue to happen in an era when people are highly mobile; when county lines are such that many people work in one county, live in another, and very possibly do their day-to-day business in a third; and where metropolitan areas have grown to the point where the boundary, not only of a city, but of a single industrial complex, may encompass portions of more than one county. However, persuasive as such arguments may be, they raise legislative, not judicial, policy questions—we are required to decide the issue by determining what the legislature actually intended when it enacted ORS 656.298 (1)." Cunningham v. State Compensation Dept., 1 Or App 127, 459 P2d 892 at 893-4 (1969).

that claimants and the State Compensation Department agree has no merit or advantage for any interested person or party. Such an interpretation, therefore, could not have been intended by the legislature.

HOWELL, J., joins in this specially concurring opinion.

McALLISTER, J., dissenting.

In my opinion this case was properly decided by the Court of Appeals. I agree with that court that the legislative history of ORS 656.298 (1) indicates an intent to adopt a jurisdictional requirement. If such a statute produces undesirable results any change should be made by the legislature and not by this court.